UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CESTMIR DRKULA, | ) Case No.: |
| Plaintiff, | ) |
| v. | ) |
| LOUIS DEJOY, POST MASTER GENERAL, UNITED STATES POSTAL SERVICE, Et al. | ) |
| Defendant. | ) |
| | ) Date: June 26, 2022 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Cestmir Drkula, by and through her undersigned counsel, and brings this action for damages against the Defendant, Louis DeJoy, as Postmaster General of the United States Postal Service ("USPS"), and alleges as follows:

## SUMMARY OF THE ACTION

1. This is a civil rights action brought by a United States Postal Service employee who has been discriminated against and retaliated against by the USPS because of his national origin and participation in Equal Employment Opportunity ("EEO") protected activity. Plaintiff has also been subjected to a Hostile Work Environment through constant belittling, teasing, and all together different treatment of Plaintiff when compared to other similarly situated employees who are of a different national origin.

2. Plaintiff has filed three (3) different Complaints which were consolidated into one complaint during the administrative EEOC filing process. The case number for each Complaint as well as the filing date are as follows:

Complaint 1: Agency Case No. 46-335-0234-18; EEOC Case No. 510-2019-00096X; Formal Complaint filed December 26, 2018.

Complaint 2: Agency Case No. 4G-335-0139-18; EEOC Case No. 510-2019-0096X; Formal Complaint filed June 4, 2018.

Complaint 3: Agency Case No. 4G-335-0095-19; EEOC Case No. 510-2019-00096X; Formal Complaint filed on April 8, 2019.

3. As a result of this intentional discrimination and retaliation, Mr. Drkula is seeking all available remedies, including back pay and benefits, and other compensatory damages, as well as his attorney's fees and expenses.

## JURY TRIAL DEMAND

4. Under Fed. R. Civ. P. 38 (b), Plaintiff hereby demand trial by jury on all issues triable to a jury.

## JURISDICTION

5. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* This Court has proper subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1341 (federal question) and 1343 (civil rights).

## PARTIES AND VENUE

6. Plaintiff, Cestmir Drkula, is a citizen of the United States and is a resident of Hillsborough County, Florida. Plaintiff is an employee of the Agency, employed as a Rural Mail Carrier at the Lithia Post Office located at 7825 Lithia Pinecrest Rd., Lithia, FL 33547, Hillsborough County. Plaintiff is informed and believes, and alleges that at all times relevant herein, Agency/Defendant was responsible in some manner for the occurrences, offenses, and injuries alleged in this complaint. Plaintiff will further amend this Complaint, if needed, to show or correct for true names and capacities, and facts, when the same have been ascertained.

7. All of Plaintiff's claims arise under Federal Law.

8.     Plaintiff has exhausted the required administrative remedies as he has filed his matter with the Equal Employment Opportunity Commission. Over one hundred eighty (180) days have passed since the Plaintiff filed his complaint with the EEOC. Pursuant to 29 C.F.R. §1614.407(b), Plaintiff is authorized to file this civil action in an appropriate U.S. District Court.

9.     Defendant, Louis DeJoy, is sued in his official capacity as the current Postmaster General of the United States Postal Service, an agency of the United States, and Plaintiff's employer.

10.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1981a, and Defendant is subject to the personal jurisdiction of this Court in the Middle District of Florida because Defendant maintains facilities and business operations in this District, and all or most of the events and issues giving rise to this action occurred in this District at the Lithia Post Office, in Lithia, FL, Hillsborough County. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f).

11.    From all times relevant to this Complaint, Plaintiff's chain of command included the following individuals: Mr. Roderick Sanders (Supervisor of Customer Service); Mr. Sprague D. Baerhold (Manager/Postmaster, Customer Service, EAS -21).

12.    Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff is employed by the Agency in Hillsborough County, Florida, where the alleged offenses and injuries occurred, and plaintiff's employment records are maintained by the Agency in this judicial district.

## FACTUAL ALLEGATIONS

13.    Through all relevant times giving rise to this Complaint, Plaintiff has been an employee of the USPS. Plaintiff's direct supervisor has been Mr. Roderick Sanders and Plaintiff's second line supervisor has been Mr. Sprague D. Baerhold.

14. At all times during his employment, Mr. Drkula has been of Czeck Republic national origin. Mr. Drkula has a thick accent when he speaks, and it is obvious to everybody that has spoken with him that he is an immigrant. His entire chain of command is aware of Mr. Drkula's accent and national origin.

15. Through all times relevant to this Complaint, Mr. Drkula was a Post Carrier, assigned a route, and delivered mail in accordance with that route daily.

16. On February 27, 2018, Mr. Drkula's supervisor, Mr. Sanders, yelled at him in front of other coworkers that he (Mr. Drkula) "had messed up again."

17. On March 2, 2018, Mr. Drkula was the only employee given a route inspection.

18. On March 7, 2018, Mr. Drkula was forced to partake in an investigative interview. During the interview, he was threatened to be terminated twice and then immediately placed on Emergency Placement by his chain of command.

19. Shortly thereafter, On March 9, 2018, management disclosed Mr. Drkula's personal information to other employees and or his direct coworkers.

20. No other employees at the Lithia post office have an accent and no other employees at the Lithia post office are of a national origin like the Plaintiff.

21. However, no other employees have been yelled at in front of other coworkers. No other employees have ever been placed on Emergency Placement leave as quickly as Plaintiff was, even though other employees have conducted actions similar and or worse than Plaintiff.

22. No other employees have been threatened to be terminated twice for very minor mistake as is the case with Plaintiff.

23. Plaintiff filed his first EEO complaint on December 26, 2018, naming his chain of command as the Responsible Management Officials.

24.     Shortly thereafter, while Plaintiff's first Complaint was being investigated by the EEOC, Plaintiff's supervisor was given affidavits to complete by an impartial investigator, as is required during the investigatory stage of an EEOC complaint.

25.     On or around August 2, 2018, Plaintiff's supervisor informed Plaintiff's coworkers that Plaintiff had filed an EEO complaint against him and proceeded to show the same coworkers the documentation provided to him during the EEO investigatory stage.

26.     Specifically, Plaintiff's supervisor approached another employee, informed the employee of Plaintiff's pending EEO complaint, and asked the employee to show him [Mr. Sanders] where the agency's policy in regard to Anti-Harassment and Hostile Work Environment was posted. There were a few other employees in addition to Plaintiff who Plaintiff alleges witnessed this exchange.

27.     Later that day, on or around August 2, 2018, Plaintiff's supervisor met with a different employee and discussed Plaintiff's pending EEO complaint. During the conversation, Plaintiff's supervisor was heard telling the employee that Plaintiff "makes twenty-five (25) mistakes per day.

28.     The following day, on or around August 3, 2018, Plaintiff's supervisor brought up Plaintiff's pending EEO complaint to yet another employee, who was listed in the pending EEO complaint as a witness. Plaintiff's supervisor proceeded to direct and or instruct the employee on how to answer potential questions the EEO investigator may ask.

29.     However, shortly after this incident, on or about August 6, 2018, Plaintiff's supervisor proceeded to speak and yell at Plaintiff in a very condescending manner, and questioned Plaintiff about various mail deliveries. After explaining himself, Plaintiff's supervisor threatened to

conduct an investigation. To date, Plaintiff has not been updated on any investigation or what was actually done from the ordeal.

30. On or about August 11, 2018, Plaintiff's supervisor again hollered at Plaintiff in a very condescending manner about a parcel delivery being scanned on "Vacation Hold" and also accused Plaintiff of failing to deliver customer's mail for several days. These allegations were false and when Plaintiff respectfully requested an update and or apology, neither was given.

31. On or about August 17, 2018, Plaintiff's supervisor again yelled and hollered at him in a very condescending manner, so loud that other employees could hear, and ordered Plaintiff to go to his office. While in the office, Plaintiff's supervisor continued to berate Plaintiff and accuse him of things that the supervisor knew were false. Plaintiff's supervisor again threatened to take action, and to date no update has been provided to Plaintiff.

32. On this same day, August 17, 2018, Plaintiff requested that his Union representative be present during the time Plaintiff was ordered to go into his supervisor's office. However, his supervisor denied the request.

33. To the best of Plaintiff's knowledge, Plaintiff's supervisor has never yelled at, and or spoken to, any other employee in such a condescending manner.

34. To the best of Plaintiff's knowledge, Plaintiff's supervisor has never shown Plaintiff and or any other coworkers private documents from a pending lawsuit.

35. On or about January 10, 2019, Plaintiff was again ordered to partake in an Investigative Interview.

36. The reason provided to Plaintiff for conducting this Investigative Interview was because a customer allegedly came to the post office on January 5, 2019 and inquired about packages that were not delivered the previous day. During the Investigative Interview, Plaintiff explained that

6
COMPLAINT

the packages were placed on his desk after he had left for his daily route that day, and he found the packages on his desk when he returned. Plaintiff proceeded to inform his supervisor that the policy states that in these types of events, the packages are to be scanned and delivered the next business day. Therefore, Plaintiff was simply following protocol.

37. To the best of Plaintiff's knowledge, he has seen and or heard of other employees following the same policy, yet none of those employees had ever been ordered to participate in an Investigative Interview, rather they were kindly and respectfully briefly questioned.

38. On or about January 10, 2019, during the same Investigative Interview, Plaintiff's supervisors specifically told Plaintiff "I don't care how many EEO complaints you file against me, I will continue to do this."

39. To date, Plaintiff is still being retaliated against and treated different than similarly situated employees that have not partaken in any EEOC protected activity nor have a different national origin.

**Count No. 1**
**Retaliation in Violation of Title VII**
**42 U.S.C. §§ 2000e, et seq.**
**(Hostile Work Environment)**

40. The allegations in paragraphs 1-39 are realleged as if set forth fully herein.

41. Title VII of the 1991 Civil Rights Act and Amendments hereto prohibits agencies from causing a Hostile Work Environment for its employees.

42. Defendant is liable for the retaliation alleged herein including, but not limited to, paragraphs 1 through 39, which actions all adversely affected the terms and conditions of Plaintiff's employment in violation of Title VII of the 1991 Civil Rights Act and amendments hereto.

43. Defendant is also liable for subjecting Mr. Drkula to a hostile work environment and disparate treatment in retaliation for participating in EEO Protected activity and Plaintiff's national origin.

44. As a direct and proximate result of Defendant's unlawful and retaliatory acts in violation of Title VII of the Civil Rights Act, Plaintiff, Mr. Drkula has been damaged. Such damages include, but are not limited to, loss of pay; loss of benefits; past and future medical costs and expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

45. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for relief as set forth below.

**Count No. 2**
**Retaliation in Violation of Title VII**
**42 U.S.C. §§ 2000e, et seq.**
**(National Origin Discrimination)**

46. The allegations in paragraphs 1-39 are realleged as if set forth fully herein.

47. The actions taken by Defendant, as described herein, violate Plaintiff's rights under Title VII of the 1991 Civil Rights Act and Amendments thereto.

48. Defendant unlawfully targeted Plaintiff, because of his national Origin, to have him disciplined, charged with misconduct, placed on emergency suspension, and belittled, embarrassed, and victimized in front of his coworkers.

49. In taking such action, Defendant made Plaintiff's coworkers to believe he was consistently and constantly making mistakes when he was not, embarrassed Plaintiff in front of numerous coworkers. The Investigative Interviews conducted were solely targeting Plaintiff all while

other similarly situated coworkers never had to endure the same. These actions, in addition to those listed above, were designed to invoke a negative animus toward Plaintiff, and were handled in a manner contrary to complaints and or concerns regarding other employees. Defendant's agents and employees, acting within the course and scope of their duties, relied upon Plaintiff's national origin as the proximate cause of his treatment.

50. As a direct and proximate result of Defendant's unlawful acts in violation of Title VII of the Civil Rights Act, Plaintiff, Mr. Drkula has been damaged. Such damages include, but are not limited to, loss of pay; loss of benefits; past and future medical costs and expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

51. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for relief as set forth below.

**Count No. 3**
**Retaliation in Violation of Title VII**
**42 U.S.C. §§ 2000e, et seq.**
**(Retaliation in Violation of Title VII)**

52. The allegations in paragraphs 1-39 are realleged as if set forth fully herein.

53. The actions taken by Defendant, as described herein, violate Plaintiff's rights under Title VII of the 1991 Civil Rights Act and Amendments thereto.

54. Defendant unlawfully targeted Plaintiff, because of he filed two (2) EEO complaints, in order to have him disciplined, charged with misconduct, placed on emergency suspension, and belittled, embarrassed, and victimized in front of his coworkers.

55. As a direct and proximate result of Defendant's unlawful acts in violation of Title VII of the Civil Rights Act, Plaintiff, Mr. Drkula has been damaged. Such damages include, but are not limited to, loss of pay; loss of benefits; past and future medical costs and expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for relief as set forth below.

## **PRAYER FOR RELEIF**

WHEREFORE, Mr. Drkula respectfully requests that the Court enter judgment in his favor and award him the following relief:

a) An Order declaring that Defendant violated Mr. Drkula's rights under Title VII of the 1991 Civil Rights Act and Amendments thereto, and restraining and enjoining Defendant from further violations;

b) Enter injunctive relief where appropriate and applicable;

c) Punitive damages against Defendant in an amount to be determined by a jury;

d) Actual damages against Defendant in an amount to be determined by a jury;

e) Any and all accrued Thrift Savings Plan benefits;

f) Award Plaintiff her full costs and reasonable attorney's fees; and

g) Award such further relief as may be deemed just and appropriate.

Respectfully submitted,

**/s/Andi Kasimati**
Andi Kasimati
Solomon, Maharaj & Kasimati, P.A.
601 N. Ashley Drive, Suite 1100-192
Tampa, FL 33602
Office: (813) 497-7650
Andi@smkfirm.com

Attorney for Plaintiff Cestmir Drkula