UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CESTMIR DRKULA,

    Plaintiff,

v.                                            Case No: 8:22-cv-1485-CEH-TGW

LOUIS DEJOY,

    Defendant.

## ORDER

Before the Court is the Motion for Summary Judgment of Defendant Louis DeJoy, as Postmaster General of the United States Postal Service ("USPS") (Doc. 17). Plaintiff has not filed a response in opposition to the motion, despite receiving multiple opportunities to do so. The motion is therefore subject to treatment as unopposed. *See* M.D. Fla. R. 3.01(c).

Upon review, the motion is due to be granted because Plaintiffs' claims are time-barred. Accordingly, Defendant is entitled to summary judgment.

### A. BACKGROUND AND FACTS

Plaintiff Cestmir Drkula filed the instant action on June 28, 2022. Doc. 1. He alleges that his employer, the United States Postal Service, discriminated against him because of his national origin and retaliated against him because of his participation in protected activity through the Equal Employment Opportunity Commission

("EEOC"). *Id.* With respect to exhaustion of administrative remedies, the Complaint alleges:

> "Plaintiff has exhausted the required administrative remedies as he has filed his matter with the [EEOC]. Over one hundred eighty (180) days have passed since the Plaintiff filed his complaint with the EEOC. Pursuant to 29 C.F.R. § 1614.407(b), Plaintiff is authorized to file this civil action in an appropriate U.S. District Court."

Doc. 1 ¶ 8.

Defendant moved for summary judgment on December 27, 2023. Doc. 17. Pursuant to this Court's Local Rules, Plaintiff's response in opposition to the motion was due on January 17, 2024. M.D. Fla. 3.01(c). Plaintiff did not file a response or move for an extension of time to do so. On March 4, 2024, the Court directed him to file a response on or before March 29, 2024, warning him that the failure to do so would result in the Court considering the motion unopposed. Doc. 21. The Court's Order also directed the parties to file a stipulation of agreed material facts, which they did. *Id.*; *see* Doc. 22. On March 29, 2024, Plaintiff moved for an extension of time to file a response. Doc. 23. The Court granted Plaintiff's motion and set the requested deadline of April 12, 2024. Doc. 24. The parties mediated, unsuccessfully, on April 16, 2024. Doc. 29. To date, Plaintiff has neither filed a response in opposition to the motion for summary judgment nor moved for another extension.

Defendant's motion for summary judgment argues that this action should be dismissed as untimely because Plaintiff failed to file it within 90 days of receiving a final agency decision on his discrimination complaints. Doc. 17 at 7-9. In support of

2

his argument, Defendant largely relies on facts contained in the parties' Joint Stipulation of Agreed Material Facts. Doc. 22.

The parties stipulate to the following facts: Plaintiff filed three complaints with the EEOC between June 2018 and April 2019. Doc. 22 ¶¶ 1-2. The complaints were consolidated for the purpose of an EEOC hearing. *Id.* ¶ 3. Before the hearing occurred, however, Plaintiff moved to withdraw the consolidated complaint from the EEOC hearing process and for the USPS to issue a Final Agency Decision ("FAD"). *Id.* ¶ 4. Plaintiff's request was granted on October 2, 2020, and the consolidated complaint was dismissed from the hearing process. *Id.* On October 16, 2020, the USPS issued a separate FAD for each EEOC complaint and mailed them to Plaintiff on the same date. *Id.* ¶¶ 5-7. The decisions were mailed to the address Plaintiff provided to the USPS, which county property records indicate Plaintiff has owned since 2018. *Id.* ¶¶ 5, 8. The first FAD was also mailed to Plaintiff's attorney, who is counsel on the instant action as well, at the address counsel provided to the USPS, this Court, and the Florida Bar. *Id.* ¶¶ 5, 5 n.1, 8. USPS tracking information indicates that the first two FADs were delivered to Plaintiff's address on October 20, 2020. *Id.* ¶¶ 5-6.

In addition to the stipulated facts, Defendant relies on exhibits to his motion for summary judgment, which include printouts of USPS tracking information indicating that all three FADs were delivered to the addresses of Plaintiff and counsel on October 20, 2020. Docs. 17-7 at 22; 17-8; 17-9 at 18; 17-10; 17-11 at 17; 17-12.

During discovery in this action, Plaintiff provided unsworn responses to the USPS's interrogatories and requests for production that stated he received "at least

3

two of the three FADs," although he "is not in possession of any documentation evidencing a date of receiving" them. Doc. 27 ¶ 10. Plaintiff further indicated that his attorney denied receiving any of the FADs. *Id.* ¶ 11. In addition, neither of them had received a consolidated decision on all three complaints. *Id.*

## B. STANDARD OF REVIEW[1]

Summary judgment is appropriate only when the court is satisfied that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law" after reviewing the "pleadings, the discovery and disclosure materials on file, and any affidavits[.]" Fed. R. Civ. P. 56(c)(2). In determining whether a genuine issue of material fact exists, the Court must consider all the evidence in the light most favorable to the nonmoving party. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. *Id.*

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' filings on the docket, including the parties' Stipulation of Agreed Material Facts (Doc.27). For purposes of summary judgment, the Court considers the facts in the light most favorable to the non-moving party as required by Fed. R. Civ. P. 56.

4

if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "Only when that burden has been met does the burden shift to the non-moving party." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

"[I]n order to survive summary judgment, the nonmoving party must set forth specific facts showing there is a genuine issue for trial." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 826 F. App'x 766, 770 (11th Cir. 2020) (citing *Anderson*, 477 U.S. at 249-50). "[U]nsupported 'conclusory allegations' do not suffice." *Middlebrooks v. Sacor Fin., Inc.*, 775 F. App'x 594, 596 (11th Cir. 2019). Likewise, "[a] 'mere existence of a scintilla of evidence' cannot suffice to create a genuine issue of material fact." *Johnson*, 826 F. App'x at 770 (quoting *Anderson*, 477 U.S. at 252).

## C. DISCUSSION

Before filing a civil action, an employee asserting a discrimination claim against a federal agency, including the USPS, must exhaust his administrative remedies by seeking relief from the agency and/or the EEOC pursuant to a delineated procedure. *See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012); 29 C.F.R. § 1614.106; 42 U.S.C. § 2000e-16(c). During this process, the employee may request an immediate final decision from the agency. 29 C.F.R. § 1614.110(b). He may then file a civil action within 90 days of receiving notice of the agency decision, or more than 180 days from the date of filing the discrimination complaint if the agency did not issue a decision. *Id.* §§ 1614.407(a), (b); *see also* 42 U.S.C. §§ 2000e-

5

16(c), 2000e-5(f)(1) (both setting 90-day deadline from receipt of notice of final action or agency decision). A defendant-employer is entitled to summary judgment where the plaintiff-employee cannot meet his burden of establishing that his suit is timely. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002) (affirming grant of summary judgment).

When challenged, the plaintiff bears the burden of establishing that he filed suit within 90 days of notice of the final agency action. *Green*, 281 F.3d at 1234. Notice is complete only upon "actual receipt" of the final action, rather than the date it was issued. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quotation and citation omitted). Although some courts have applied statutory presumptions of receipt where the mailing date is undisputed but the date of actual receipt is unknown, *see, e.g., Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (applying three-day mailing presumption from current Fed. R. Civ. P. 6(d)), the determination of when the 90-day period begins to run must be made on a case-by-case basis. *Kerr*, 427 F.3d at 952 (citation omitted). Receipt will be presumed, however, "when a complainant is unable to show that her failure to receive [the notice] was in no way her fault." *Id.* at 952. Where the 90-day limitations period has expired, the plaintiff also bears the burden of establishing the existence of "extraordinary circumstances" that warrant the application of equitable tolling. *See, e.g., Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661-62 (11th Cir. 1993).

Here, Plaintiff filed suit on June 28, 2022. Doc. 1. The parties stipulate that the final agency decisions for all three EEOC complaints were rendered and mailed to

6

Plaintiff and his attorney on October 16, 2020. Doc. 22 ¶¶ 5-7. Defendant has offered compelling evidence that the decisions were delivered to both Plaintiff and his attorney on or about October 20, 2020. It is unclear whether Plaintiff even disputes that he received the decisions on that date. *Compare* Doc. 1 ¶ 8 (citing exhaustion provision applicable to cases where no final action was received) *with* Doc. 22 ¶ 10 (acknowledging that he received "at least two" of the three decisions). In any event, Plaintiff has not responded to the motion for summary judgment with any arguments, evidence, or other attempt to establish that he satisfied the 90-day deadline. Nor has he attempted to establish the existence of extraordinary circumstances that would warrant equitable tolling of the limitations period.

Upon review of the evidence and stipulated facts, the Court determines that Plaintiff has failed to satisfy his burden of establishing that he filed suit within the 90-day filing period. Defendant's motion for summary judgment is therefore due to be granted.

Accordingly, it is **ORDERED**:

1. The Motion for Summary Judgment of Defendant Louis DeJoy, as Postmaster General of the United States Postal Service (Doc. 17) is GRANTED.

2. The Clerk is directed to enter judgment in favor of Defendant Louis DeJoy, as Postmaster General of the United States Postal Service, and against Plaintiff, Cestmir Drkula. The Clerk is further directed to terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties